ESTATE OF CLARENCE W. ENNIS, DECEASED, REGINALD H. HOLBROOK, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48653. Filed January 31, 1955.

*Thomas J. Bailey, Esq.*, for the petitioner.
*Peter K. Nevitt, Esq.*, for the respondent.

800

**OPINION.**

RICE, *Judge:* This same contract was before us in *Nina J. Ennis,* 17 T. C. 465 (1951), wherein we held that decedent's wife did not realize taxable gain on the sale of her one-half interest in the Deer Head Inn in 1945. This, we said, was so because the contractual obligation of the Figleys was not the "equivalent of cash" and the only "amount realized" was the amount of cash received in 1945, which was less than her basis for the property. Following the promulgation of our Opinion on September 27, 1951, the respondent filed a motion for rehearing on the grounds that he was prepared to offer evidence that the contract was a "land contract" of the type commonly used in Michigan which was freely assignable, bought, and sold. We denied that motion.

Respondent's argument here is similar to that advanced in his motion for rehearing in the previous case; namely, that contracts such as the one here involved are in common use in Michigan, are freely bought and sold, and that this particular contract had a fair market value equivalent to 75 per cent of the amount due on the principal at the end of 1945. (This is a modification of his determination in the deficiency notice that the fair market value was equivalent to the full balance due on the principal at the end of 1945.)

At the hearing, petitioner called a former president of the Lansing, Michigan, Board of Realtors who had been actively engaged in the real estate business in that city since 1916. The witness was also a director of the Bank of Lansing and of the Central Trust Company

in that city. As a director of the banks, he passed on mortgage loan applications. He frequently, during the years in which he was engaged in the real estate business, bought and sold land contracts. He was generally familiar with the Deer Head Inn property. It was his opinion that the contract here involved was not a salable contract. On cross-examination, he indicated that if the balance of the contract were discounted as much as 50 per cent, it might be possible to find a buyer. He testified that in his experience he had never known of a contract with so large a balance due, to be sold. He also considered that the necessity of renewing the liquor license annually had considerable bearing on the value of the contract because such licenses could be suspended for infractions of the State liquor laws. He estimated the value of the property to be not in excess of $20,000 without the liquor license and without any equipment in the building, which amount is less than the adjusted basis of the property in the hands of the vendors.

In *Nina J. Ennis, supra*, we said the contractual obligation here involved could not be considered the "amount realized" within the meaning of section 111 (b)[2] because it was not the equivalent of cash. We further said, 17 T. C. at p. 470, "In determining what obligations are the 'equivalent of cash' the requirement has always been that the obligation, like money, be freely and easily negotiable so that it readily passes from hand to hand in commerce." We pointed out that the Figleys' promise to pay was merely contractual, and was not embodied in a note or in some other evidence of indebtedness possessing the elements of negotiability and, therefore, freely transferable.

Even though this contract was of a type which was regularly assigned in Michigan and passed from hand to hand in commerce, we are satisfied, on the whole record and have so found as a fact, that this particular contract had no ascertainable fair market value in 1945. Respondent's determination cannot, therefore, be upheld; and we conclude that the only amount realized in 1945 by the decedent on the sale of the property was the amount of cash actually received in that year.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TIETJENS, *J.*, concurs in the result.

[2] SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS.

(b) AMOUNT REALIZED.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.